NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3005
_____

WILSON JOSE BRITO-HIDALGO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A220-649-563)
Immigration Judge: Laura Pierro
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 11, 2026

Before: HARDIMAN, BOVE, and FISHER, *Circuit Judges*.

(Filed: August 12, 2026)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Wilson Brito-Hidalgo, a native and citizen of Venezuela, entered the United States without inspection in 2021. When the Department of Homeland Security issued him a Notice to Appear, Brito-Hidalgo conceded removability. The Immigration Judge (IJ) subsequently ordered any applications for relief to be filed by April 2023. Brito-Hidalgo did not file any applications in the Immigration Court, and in October 2023, the IJ ordered him removed. Brito-Hidalgo filed a "Motion to Reconsider."[1] The IJ denied the motion, Brito-Hidalgo appealed, and the Board of Immigration Appeals (BIA) dismissed the appeal. Brito-Hidalgo petitions for review. We will deny the petition.[2]

Brito-Hidalgo argues that the Board should have reopened his case. However, he did not move to reopen before the BIA—he filed only an appeal of the IJ's denial of his earlier motion to reconsider.[3] Before us, Brito-Hidalgo points out (correctly) that motions to reopen may be filed before the BIA.[4] \ And he notes the instances in his brief in which

---

[1] Administrative Record 46.

[2] The BIA had jurisdiction to review the decision of the IJ. 8 C.F.R. §§ 1003.1(b)(3), 1240.15. We have jurisdiction to review final orders of removal. 8 U.S.C. § 1252. Because the BIA issued its own opinion, rather than adopting the IJ's decision, we review the BIA opinion. *Brandao v. Att'y Gen.*, 654 F.3d 427, 429 n.4 (3d Cir. 2011). "[W]e review a denial of a . . . motion to reconsider for abuse of discretion," meaning we defer to the decision unless it is "arbitrary, irrational, or contrary to law." *Pllumi v. Att'y Gen.*, 642 F.3d 155, 158 (3d Cir. 2011) (citation omitted).

[3] Even before the IJ, Brito-Hidalgo did not file a motion to reopen—only a motion to reconsider. "A motion to reconsider contests the correctness of the original decision based on the previous factual record, as opposed to a motion to reopen, which seeks a new hearing based on new or previously unavailable evidence." *Matter of O-S-G*, 24 I. & N. Dec. 56, 57–58 (BIA 2006).

[4] *See* 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.").

2

he asked the BIA to "remand the case to the IJ," arguing that "the [BIA] is supposed to treat such requests as requests for reopening."[5]

But Brito-Hidalgo's request to the BIA to "vacate the order of removal and remand the asylum application for appropriate adjudication by the Immigration Court"[6] was the heart of his argument on appeal. It was not the same thing as a motion for the BIA to reopen.[7] Such a motion asks the BIA to revisit a decision in light of new facts.[8] To properly request reopening, Brito-Hidalgo would have needed to "state the new facts that [would] be proven at a hearing" and support those facts with "affidavits or other evidentiary material."[9] He did not do so. The BIA therefore did not abuse its discretion by not reopening.

Brito-Hidalgo also argues that the record establishes ineffective assistance of counsel and that he met the procedural requirements for such a claim. To establish a claim of ineffective assistance, a petitioner must: (1) submit an affidavit "attesting to the relevant facts"; (2) inform the allegedly ineffective attorney about the allegations and document any response; and (3) "reflect whether a complaint has been filed with appropriate disciplinary authorities" for any alleged violations of "ethical or legal

---

[5] Petitioner's Br. 19.
[6] App. 19.
[7] *See* 8 C.F.R. § 1003.2(a).
[8] *See id.* § 1003.2(c)(1).
[9] *Id.*

responsibilities," and "if not, why not."[10] We have cautioned against a "strict, formulaic" interpretation of these requirements and have held that the third one—the filing of a bar complaint—may be excused with a reasonable explanation.[11] But "[t]hese so-called *Lozada* requirements serve as a threshold and a screening mechanism."[12] They must be met or excused before "the BIA proceeds to the merits of the underlying ineffective-assistance claim," where the familiar error and prejudice inquiry applies.[13]

Brito-Hidalgo's BIA brief argued only that counsel's "error" caused the missed deadline and that it would be a "miscarriage of justice" to hold Brito-Hidalgo accountable for this error.[14] The brief did not refer to the *Lozada* requirements by name or in substance.. It simply did not advance an ineffective assistance argument. The BIA therefore did not abuse its discretion when it determined that Brito-Hidalgo had not "raised an ineffective assistance of counsel claim or shown compliance with *Matter of Lozada*."[15]

For these reasons, we will deny the petition for review.

---

[10] *Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 132 (3d Cir. 2001) (quoting *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988)).
[11] *Id.* at 156.
[12] *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007).
[13] *Id.* at 155, 157.
[14] App. 12, 13.
[15] App. 4.